### JENKINS et al. v. MAHONEY.

(Circuit Court, W. D. Pennsylvania. November 9, 1904.)

PATENTS—INFRINGEMENT—MULTIPLYING CAMERA.

> The Jenkins patent, No. 620,036, for a multiplying camera, *held* valid, and infringed by a camera having the same construction, except that instead of the "cellular box" of the patented device, having separate cells, in front of each of which a lens is moved successively on a slide having both a horizontal and vertical movement, it employs a single cell, which is fastened to the slide, and moves with the lens; such construction being the equivalent of that of the patent.

In Equity.

C. M. Clarke, for complainants.

L. C. Barton and Jas. H. Smith, for respondent.

BUFFINGTON, District Judge. This is a bill in equity brought by John W. Jenkins and Evan L. Jenkins against Thomas Mahoney to enjoin infringement of patent No. 620,036, granted to them February 21, 1899, for a multiplying camera. The invention disclosed by the patent consists of a camera having a number of subdivisions or cells so constructed as to prevent light escaping. A slide carrying a single lens is mounted at the front of the camera, and is adapted to move horizontally and vertically. There is a plate of sufficient size to cover the rear of all the cells at the back of the camera. The construction of the device is such that, as the slide moves either horizontally or vertically, the lens comes into successive alignment with each cell, and an individual picture is taken on the part of the plate at the rear thereof. The proofs show the invention is valuable. Its use is largely confined to what is known as "kidnapping," or taking the pictures of children in the poorer sections of large cities, in which work it is extensively employed. By reason of its economies, small pictures of a good grade of stock are sold at very moderate prices. The first claim, which alone is here involved, is:

"In a photographic camera, the combination of a cellular box, a plate-holder seating against and closing the rear end of the cells, a sliding front closing the front end of the cells, and having stops by which it may be fixed in relation to a particular set of cells, a lens-carrying slide moving in guides on the sliding front, and means for adjusting the slide to register the lens with each cell of the set with which the front is in relation, whereby a separate exposure may be made in each cell of the box without moving the plate, and with but once drawing the plate-holder slide, substantially as described."

As we find nothing in the prior art showing such construction, and there is nothing to negative the presumption arising from the grant of the patent, we hold the claim valid. The respondent was in the employ of complainants for some time, operating one of the patented cameras. He left such employ, and continued in business, but began using the alleged infringing instrument. In it we find a lens carried on a slide adapted to move horizontally and vertically, and of the exact construction shown in complainants' patent. Instead, however, of partitioning his camera box into a number of fixed cells, he uses but one, which, being attached to the slide, is adapted, at the working instant, to be in the position of each one of the stationary cells, and perform the light-confining function of each. The two cameras work in the same way, and accomplish the same result. The question of infringement therefore turns on the question whether the respondent's camera is a "cellular box." In considering that question, we must look at substance, not names. If we look at names, it is clear the respondent's camera box is not a cellular box, for, standing by itself, it is an empty one. When, however, complainants' box is in use, it is only the single, working sell that is functional and essential. The other cells are at that instant negligible factors. To impart, therefore, to a single cell, placed in the camera chamber, the capacity to be moved and used at the working instant in the several positions of the other cells, is to make it in these many positions the mechanical and functional equivalent of a number of stationary cells. And why should it not be held the equivalent in patent law? The gist of the Jenkins invention was the single lens on a slide adapted to horizontal and vertical movement. This feature the respondent has taken without the semblance of a change. He thus avoids the expense and risk of non-uniformity incident to using more than a single lens, and by means thereof he can take a picture on one section of a plate without affecting the residue. In construction, however, he attaches his cell to the slide, and, by means of the mobility of the slide, he thus converts the interior of the camera into a cellular chamber at each successive working instant. Having thus given the working part of every portion a cellular capacity at such working moment, and having thereby obtained every advantage incident to such cellular capacity, we are of opinion his camera is, when its functional purpose is to be fulfilled, a cellular box.

Applying the standard of substance, and seeking to protect meritorious inventors in the enjoyment for a limited time of substantial rights they have disclosed to the public, we are of opinion the respondent's camera has a cellular box, and the further use should be enjoined.